United States District Court
Southern District of Texas
**ENTERED**
September 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HLEVICTOR A. HOSKINS, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-25-2434 |
| HARRIS COUNTY PRECINCT 5, CONSTABLE TED HEAP, AND DEPUTY JEFFERY WEISNER, | § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Deputy Jeffery Weisner's Motion to Dismiss (Document No. 12). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the Defendant's motion should be granted.

## I. BACKGROUND

This is a matter involving alleged due process violations arising under 42 U.S.C. § 1983. *Pro se* Plaintiff Hlevictor A. Hoskins, Jr. ("Plaintiff") brings suit against Defendants Harris County Precinct 5, Constable Ted Heap, and Deputy Jeffery Weisner ("Weisner") (collectively, "Defendants"). Plaintiff alleges that Defendants deprived him of "his property interest in a judgment without due process

of law"[1] by failing to perform their duties when levying a writ of execution obtained by the Plaintiff.

Based on the foregoing, on May 27, 2025, Plaintiff filed suit *pro se* in this Court asserting claims under 42 U.S.C. § 1983 against the Defendants in this matter for "violations of due process," "monell liability," and "supervisor liability."[2] On July 17, 2025, Weisner filed a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he

---

[1] *Plaintiff's Complaint*, Document No. 1, ¶ 1.

[2] *Plaintiff's Complaint*, Document No. 1, ¶¶ 27–34.

'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant Weisner moves to dismiss Plaintiff's complaint, contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to Weisner's motion to dismiss, failing to rebut or offer evidence to counter Weisner's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to Weisner's motion to dismiss, the Court will consider the merits of Plaintiff's claim against Weisner.

Plaintiff alleges that Weisner deprived him of "his property interest in a judgment without due process of law."[3] Weisner contends that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to overcome Weisner's presumption of qualified immunity and fails to plead facts sufficient to support a claim for relief under § 1983. Plaintiff offers no rebuttal.

When government officials are sued for a constitutional violation under Section 1983, they may assert the affirmative defense of qualified immunity. *Porter v. Ascension Parish Sch. Bd.*, 393 F.3d 608, 612 (5th Cir. 2004). "Qualified immunity protects government officials performing discretionary functions from [civil] liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The defense of qualified immunity provides ample room for mistaken judgments on the government actors' part and protects "all but the plainly incompetent or those who knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "immunity from

---

[3] *Plaintiff's Complaint*, Document No. 1, ¶ 1.

4

suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Once qualified immunity is asserted, therefore, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing precedent must have placed the statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

In the current case, Weisner contends that he is entitled to qualified immunity. Weisner further contends, based on Fifth Circuit precedent, that "[a] court may not second-guess an officer's conduct using hindsight, but instead must consider only

the information available to the officers at the time."[4] Weisner argues that Plaintiff has failed to show that any constitutional deprivation was the result of Defendant Wiesner's conduct. Plaintiff offers no rebuttal.

Here, the Court has reviewed Plaintiff's complaint in detail. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A thorough review of the record reveals that Plaintiff fails to sufficiently show that their constitutional rights were violated or that Weisner's actions were objectively unreasonable. Thus, given the Fifth Circuit's guidance that a plaintiff bears the burden of alleging sufficient facts showing both a violation of a person's right and unreasonable action by the allegedly offending officer, the Court finds that Plaintiff's claim fails to overcome Weisner's presumption of qualified immunity. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted, and thus, his claim against Weisner should be dismissed.[5]

---

[4] *Defendant Deputy Jeffrey Wiesner's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 12 at 9 (citing *Hill v. Carroll Cnty.*, 587 F.3d 230, 234 (5th Cir. 2009)).

[5] Considering the Court's finding that Plaintiff's claim against Weisner fails to state a claim upon which relief can be granted on the basis of qualified immunity, the Court declines to consider other arguments related to: (1) subject matter jurisdiction; and (2) inadequate pleadings.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Deputy Jeffery Weisner's Motion to Dismiss (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Plaintiff Hlevictor A. Hoskins, Jr.'s claim against Deputy Jeffery Weisner is **DISMISSED**.

SIGNED at Houston, Texas, on this 29 day of August, 2025.

DAVID HITTNER
United States District Judge